Nolan v Edison Prop. Investing, LLC

2026 NY Slip Op 03175

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Damien Nolan, et al., appellants,

v

Edison Property Investing, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-01120, 2022-03164, (Index No. 501934/19)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Law Office of Gary A. Cusano, P.C., Bedford Hills, NY, for appellants.

Smith, Sovik, Kendrick & Sugnet, P.C., Fishkill, NY (John D. Goldman and Kenneth Boyd of counsel), for respondents Edison Property Investing, LLC, and Pina Property Investing, LLC.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, wrongful eviction, tortious interference with contract, and tortious interference with prospective business relations, the plaintiffs appeal from (1) an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated January 18, 2022, and (2) an order of the same court dated March 30, 2022. The order dated January 18, 2022, insofar as appealed from, granted those branches of the separate motions of the defendants Edison Property Investing, LLC, and Pina Property Investing, LLC, and the defendants Petrick, LLC, Patrick McCarney, Karen McCarney, and Peter Cuomo which were for summary judgment dismissing the complaint insofar as asserted against each of them. The order dated March 30, 2022, insofar as appealed from, upon reargument, adhered to the determination in the order dated January 18, 2022, granting those branches of the separate motions of the defendants Edison Property Investing, LLC, and Pina Property Investing, LLC, and the defendants Petrick, LLC, Patrick McCarney, Karen McCarney, and Peter Cuomo which were for summary judgment dismissing the complaint insofar as asserted against each of them.

ORDERED that the appeal from the order dated January 18, 2022, is dismissed, as the portion of the order appealed from was superseded by the order dated March 30, 2022, made upon reargument; and it is further,

ORDERED that the order dated March 30, 2022, is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the defendants Edison Property Investing, LLC, and Pina Property Investing, LLC, payable by the plaintiff.

The defendants Edison Property Investing, LLC, and Pina Property Investing, LLC (hereinafter together the landlords), leased certain commercial premises to the plaintiff DN & MP, LLC, which allegedly was owned in part by the plaintiff Damien Nolan. The plaintiffs operated the [*2]premises as a restaurant. During the term of the lease, the plaintiffs allegedly engaged in negotiations to sell the restaurant to the defendants Petrick LLC, Patrick McCarney, Karen McCarney, and Peter Cuomo (hereinafter collectively the prospective purchasers). However, in February 2017, the landlords changed the locks to the premises and retook possession thereof pursuant to a provision in the lease permitting the landlords to reenter the premises upon a default in the payment of rent. Subsequently, the landlords entered into a separate lease agreement for the premises with the prospective purchasers.

In February 2018, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract, wrongful eviction, tortious interference with contract, and tortious interference with prospective business relations. The plaintiffs alleged, among other things, that the landlords impermissibly resorted to self-help in retaking possession of the premises. The landlords and the prospective purchasers separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs opposed the separate motions. In an order dated January 18, 2022, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiffs subsequently moved for leave to reargue their opposition to those branches of the separate motions of the landlords and the prospective purchasers which were for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated March 30, 2022, the court, inter alia, upon reargument, adhered to its prior determination in the order dated January 18, 2022, granting those branches of the separate motions of the landlords and the prospective purchasers which were for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs appeal.

Contrary to the plaintiffs' contention, the Supreme Court, upon reargument, properly adhered to its prior determination granting those branches of the landlords' motion which were for summary judgment dismissing the causes of action alleging breach of contract and wrongful eviction asserted against them. "A landlord may peaceably re-enter commercial premises and regain possession pursuant to a right reserved in the lease if the tenant breaches its obligation to pay rent" (Bozewicz v Nash Metalware Co., 284 AD2d 288, 288; see Drapaniotis v 36-08 33rd St. Corp., 48 AD3d 736, 737; North Main St. Bagel Corp. v Duncan, 6 AD3d 590, 591). In support of their motion, the landlords submitted a copy of the subject lease, pursuant to which the landlord reserved its right to peaceably reenter the premises upon default in the payment of rent. Additionally, the landlords submitted evidence establishing, among other things, that the plaintiffs were in rental arrears, that the landlords had made a demand for the rent, which remained unsatisfied at the time of reentry, and that the landlords re-took possession of the premises in a peaceful manner. These submissions were sufficient to establish, prima facie, that the landlords permissibly reentered and assumed possession of the premises pursuant to the terms of the lease (see Riesenburger Props., LLLP v Pi Assoc., LLC, 192 AD3d 835, 839; cf. Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, 265 AD2d 415, 416). In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to the plaintiffs' further contention, the Supreme Court, upon reargument, properly adhered to its prior determination granting those branches of the separate motions of the landlords and the prospective purchasers which were for summary judgment dismissing the causes of action alleging tortious interference with contract insofar as asserted against each of them. "The elements of a cause of action alleging tortious interference with contract are: 'the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom'" (Ferdinand v Siegel, 236 AD3d 861, 862, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; see Kugel v Reynolds, 228 AD3d 743, 749). Here, the landlords and the prospective purchasers each established, prima facie, that they did not intentionally procure any breach of a specifically identified valid contract (see Ferdinand v Siegel, 236 AD3d at 862-863; Astro Kings, LLC v Scannapieco, 185 AD3d 537, 538). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also, upon reargument, properly adhered to its prior determination granting those branches of the separate motions of the landlords and the prospective purchasers [*3]which were for summary judgment dismissing the causes of action alleging tortious interference with prospective business relations insofar as asserted against each of them. "A claim for tortious interference with prospective business relations does not require a breach of an existing contract, but the party asserting the claim must meet a 'more culpable conduct' standard" (Law Offs. of Ira H. Liebowitz v Landmark Ventures, Inc., 131 AD3d 583, 585, quoting NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621). "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (id.; see Carvel Corp. v Noonan, 3 NY3d 182, 190). "'Wrongful means include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure'" (Astro Kings, LLC v Scannapieco, 185 AD3d 537, 538, quoting Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191). "[C]onduct which is motivated by economic self-interest cannot be characterized as solely malicious" (Stuart's, LLC v Edelman, 196 AD3d 711, 714; see Carvel Corp. v Noonan, 3 NY3d at 190).

Here, the landlords and the prospective purchasers each established, prima facie, that to the extent any of their conduct may have interfered with the plaintiffs' business relations, there were no "wrongful means" employed by them, nor did they act for the sole purpose of harming the plaintiffs (Astro Kings, LLC v Scannapieco, 185 AD3d at 538; see North Main St. Bagel Corp. v Duncan, 6 AD3d at 592). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court